IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINE LIGONS,** : | CIVIL ACTION | |
| : | NO. 09-5095 | |
| Petitioner, : | | |
| v. : | | |
| : | | |
| **JOHN E. WETZEL, Commissioner,** : | Hon. Eduardo C. Robreno | |
| **Pennsylvania Department of Corrections,** : | United States District Judge | |
| **et al.,** : | | |
| : | | |
| **Respondents.** : | | |
| : | | |

**JOINT STATUS STATEMENT**

The parties respectfully submit this Joint Status Statement as directed by the Court (ECF No. 112):

1. On February 18, 2010, Petitioner Antoine Ligons filed a Petition for Writ of Habeas Corpus. (ECF No. 5). In Claim II of the Petition he alleged that his conviction and sentence should be vacated because the prosecution suppressed material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. After the Commonwealth disclosed the relevant evidence to Petitioner's counsel in discovery proceedings before this Court, Petitioner amended his petition (ECF No. 37) and filed a legal memorandum in support (ECF No. 50).

2. At a status conference with the Court on November 22, 2022, the Commonwealth requested an extension of time to file its response by December 2, 2022. The Court granted this request, directed Ligons to file any reply by January 2, 2023, and directed the parties to file a

joint status report by January 17, 2023, "describing the need, if any, for an evidentiary hearing or further briefing" (ECF No. 112).

3. On December 2, 2022, the Commonwealth filed its response (ECF No. 113). The Commonwealth concedes that relief is appropriate on Claim II of the Petition and asks the Court to conditionally grant the writ and order that Mr. Ligons be retried within 180 days or released from custody. *Id.* at 8.

4. Mr. Ligons filed a reply and consolidated motion to grant the writ on December 23, 2022.

5. The Commonwealth's response addresses the issues that Mr. Ligons raised in his motion to grant the writ, and therefore the Commonwealth will not file a response to that motion. The Commonwealth does not oppose Mr. Ligons' motion to grant the writ.

6. Neither party asserts that an evidentiary hearing is required at this time. In its response, the Commonwealth stated that no hearing was required to rule on Mr. Ligons's *Brady* claim because the existing record including a state-court hearing is sufficient to adjudicate it and because any further testimony would be of limited relevance (ECF No. 113 at 64–65). Mr. Ligons asserts that a hearing is not required to grant habeas relief on the *Brady* claim, too.

7. Accordingly, the parties agree that neither further briefing nor an evidentiary hearing is required and that the matter is ripe for decision by the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Kerry G. Levy | /s/ Shoshana D. Silverstein |
| VICTOR ABREU | SHOSHANA D. SILVERSTEIN |
| KERRY G. LEVY | Federal Litigation Unit |
| LOREN STEWART | Philadelphia District Attorney's Office |
| Federal Community Defender Office | Three South Penn Square |
| for the Eastern District of Pennsylvania | Philadelphia, PA 19107 |
| Capital Habeas Corpus Unit | (215) 686-8768 |
| The Curtis, Suite 545 W | |
| Philadelphia, PA 19106 | |
| (215) 928-0520 | |

Dated: January 13, 2023

## CERTIFICATE OF SERVICE

I, Kerry G. Levy, hereby certify that on January 13, 2023, I served a copy of the foregoing upon the following by ECF:

>Shoshana D. Silverstein
>Matthew C. Stiegler
>Federal Litigation Unit
>Office of the Philadelphia County District Attorney
>Three South Penn Square
>Philadelphia, PA 19107
>(215) 686-8000

>/s/ Kerry G. Levy
>Kerry G. Levy