## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINE LIGONS,** | : | CIVIL ACTION |
| | : | NO. 09-5095 |
| Petitioner, | : | |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL, Commissioner,** | : | |
| **Pennsylvania Department of Corrections,** | : | |
| **et al.,** | : | |
| | : | |
| **Respondents.** | : | |
| | : | |

### ORDER

**AND NOW**, this 21st day of September, 2023, on considering the Petition for Writ of Habeas Corpus (ECF No. 5), the Amended Petition (ECF No. 37), the Memorandum of Law (ECF No. 50), the Commonwealth's Response to the Petition (ECF No. 113) in which the Commonwealth concedes that relief is due on Claim II, and the appendices, exhibits, and attachments to the various pleadings, and considering all prior pleading and the entire record in this habeas corpus proceeding, it is hereby **ORDERED**:

1. Petitioner is entitled to relief on Claim II of the petition in which Petitioner alleges that his conviction should be vacated because the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963);[1]

---

[1] The parties argue that relief is appropriate on this claim and that a new trial should be ordered. They contend: (1) that police showed a key eyewitness photographic arrays containing Ligons that reflect that she did not identify him; (2) that, when the witness testified regarding the arrays, the Commonwealth elicited testimony from the lead detective that no arrays existed and that none were shown to the witness; and (3) that the photographic arrays did exist, were in the police file, and were not disclosed until twelve years after trial. They further contend that Petitioner's dark brown eyes do not resemble the "hazel or light brown eyes" described by the eyewitness. Accordingly, the parties argue that the Commonwealth violated Ligons's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). They agree that the Commonwealth

2.      The petition for writ of habeas corpus is conditionally **GRANTED** and Petitioner's conviction is **VACATED**;

3.      The Commonwealth **SHALL RETRY** Petitioner within 180 days of the date of this Order **OR SHALL RELEASE** him.

        **AND IT IS SO ORDERED.**

        <u>**/s/ Jeffrey L. Schmehl**</u>
        JEFFREY L. SCHMEHL, J.

---

suppressed evidence, that it was favorable to the accused as either impeaching or exculpatory, and that the suppressed evidence was material to Ligons's guilt in that it both raises a reasonable probability of a different result and undermines confidence in the outcome of the trial. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999); *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

        To obtain habeas relief, a petitioner must (1) file a timely petition, (2) be in custody, (3) assert a violation of the Constitution or laws or treatises of the United States, (4) have exhausted state remedies, and (5) show that the violation overcomes the deference habeas provides to state court rulings. 28 U.S.C. § 2254(d). Here, there is no dispute that Ligons filed a timely petition, is in custody, asserts a violation of the Constitution, exhausted state remedies, and asserts a violation that meets the deferential habeas standard of review. It is nonetheless incumbent on this Court to undertake an independent review of the merits of the constitutional claim.

        Upon an independent review of the due process claim, the Court finds that the Commonwealth suppressed the photo arrays, that the photo arrays were favorable to the accused, and that they were material to Ligons's guilt. *Brady*, 373 U.S. at 87. The Court further finds that, on the complete record in this case, confidence in the outcome of the trial is undermined. *Kyles*, 514 U.S. at 434. The Court further finds that the state court determination denying relief was contrary to and an unreasonable application of *Brady* and that it was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).